# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| CITY OF WORCESTER, a Massachusetts municipal corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 18-11958-TSH |
| PURDUE PHARMA L.P., d/b/a PURDUE PHARMA (DELAWARE) LIMITED PARTNERSHIP; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; COLLEGIUM PHARMACEUTICAL, INC.; JOHNSON& JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a/ ACTAVIS PLC; ACTAVIS, INC. f/k/a WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES; INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; MALLINCKRODT PLC; MALLINCKRODT LLC; and INSYS THERAPEUTICS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Manufacturer Defendants, | ) ) | |
| and | ) ) | |
| MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN DRUG CORPORATION, | ) ) ) ) ) | |
| Distributor Defendants, | ) ) | |

```
        and                          )
JOHN KAPOOR,                         )
                                     )
              Individual defendants. )
_____     )
```

### ORDER AND MEMORANDUM ON PLAINTIFF'S EMERGENCY MOTION TO REMAND TO STATE COURT AND DEFENDANTS' MOTION TO STAY (Docket Nos. 22 & 27)

**November 21, 2018**

**HILLMAN, D.J.**

The City of Worcester, Massachusetts ("Plaintiff") initiated this action in Massachusetts Superior Court asserting several claims for the manufacture and distribution of opioids throughout Worcester against Purdue Pharma, L.P., Purdue Pharma Inc., The Purdue Frederick Company, Inc., Teva Pharmaceuticals USA, Inc. Cephalon, Inc. Collegium Pharmaceutical, Inc., Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Endo Health Solutions, Inc., Endo Pharmaceuticals, Inc., Allergan PLC, Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc., Mallinckrodt PLC, Mallinckrodt LLC, INSYS Therapeutics, Inc., McKesson Corporation, Cardinal Health, Inc., AmerisourceBergen Drug Corporation ("ABDC"), and John Kapoor.  Defendant ABDC then removed the case to this Court.  Plaintiff thereafter filed a motion to remand the case back to state court (Docket No. 22). In addition, Defendants ABDC, McKesson Corporation, and Cardinal Health, Inc. ("Defendants") have filed a motion to stay (Docket No. 27).  For the reasons below, Plaintiff's motion is ***granted*** and Defendants' motion is ***denied***.

### Background

On July 30, 2018, Plaintiff filed this suit in Massachusetts Superior Court.  The Complaint asserts seven state law causes of action against a group of prescription opioid distributors,

manufacturers, and one opioid industry executive.   The City of Worcester seeks abatement, restitution, civil penalties, disgorgement of profits, and damages in connection with an allegedly unlawful scheme by Defendants to expand their market and sales of opioid prescription products in the Commonwealth.   According to Plaintiff, the manufacturers promoted opioids for the treatment of chronic pain, falsely, knowingly, recklessly, and negligently denied or downplayed the risk of addiction, and exaggerated the benefits of prolonged opioid use.  Further, the distributors negligently, knowingly, and recklessly continued to distribute drugs to third parties, despite their knowledge that the drugs would be used for diversion rather than legitimate medical needs.

Defendant ABDC removed this case on September 17, 2018, arguing that the state law claims presented federal questions that made federal question jurisdiction proper.  On September 26, 2018, the JPML issued a conditional transfer order which transferred this case to the MDL Court.   Plaintiff subsequently filed this motion to remand the case to state court before it is transferred to the MDL Court and "consigned to an indefinite moratorium." (Docket No. 22, at 8).

## **Motion to Stay**

As an initial matter, Defendants have requested that the Court stay the litigation, including the motion to remand, pending transfer to MDL Court.  That Court, Defendants argue, can then decide whether to remand this case to back to state court.  According to Defendants, a stay would promote judicial efficiency, avert the hardships of proceeding in a different forum on Defendants, and would not prejudice Plaintiff because any delay would be minimal.

As to Defendants' first argument, a preliminary evaluation of jurisdiction may in fact better serve judicial economy. *See, e.g.*, *Waters v. Bausch & Lomb, Inc.*, 2006 WL 8433439, *2 (S.D. Fla. Jul. 28, 2006) ("Many district courts have held that the interests of judicial economy are best served by giving at least preliminary scrutiny to the merits of a motion to remand, even

where a motion to transfer is pending before the JPML."); *McGrew v. Schering-Plough Corp.*, 2001 WL 950890, at *3 (D. Kan. Aug. 6, 2001) ("For purposes of judicial economy, the jurisdictional issues should be resolved immediately[,]" before action by the MDL panel (citation omitted)).  This is especially true when, as here and discussed below, the absence of jurisdiction is patently obvious. *See* Manual for Complex Litigation, Fourth § 22.35 ("The reasons for stay diminish, however, . . . if the absence of federal jurisdiction is clear.  Judicial economy may then be served by resolving specific issues and declining to stay the proceedings.").

Moreover, because federal question jurisdiction is lacking, Defendants will inevitably be required to proceed in different forum.  Thus, the hardship that Defendants attempt to evade by staying the proceedings is in fact unavoidable.  Finally, I find that Plaintiff would be prejudiced by a stay.  The court in *Hilbert v. Aeroquip, Inc.*, found

> no reason to require the plaintiffs to suffer the undeniable delays inherent in all
> MDL asbestos cases unless there is federal jurisdiction.  To undergo such a
> lengthy process to find out that there is no federal jurisdiction would be a travesty
> of justice given Mr. Hilbert's medical condition.

486 F. Supp. 2d 135, 142 (D. Mass. 2007).  The same reasoning applies here.  Needlessly causing delays when there is clearly no jurisdiction would similarly constitute a travesty of justice.  Accordingly, the motion to stay is denied and the Court will consider the motion to remand.

## Jurisdictional Standard

A civil action brought in state court may be removed to federal district court only if the federal court would have had original jurisdiction over the claim. 28 U.S.C. 1441(a); *see City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523 (1997) ("The propriety of removal . . . depends on whether the case originally could have been filed in the federal court."). The removing party bears the burden of establishing federal jurisdiction. *BIW Deceived v. Local*

*S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4*, 132 F.3d 824, 831 (1st Cir. 1997); *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009).

"As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058 (2003); *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542 (1987) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."). Typically, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257, 133 S.Ct. 1059 (2013); *see also American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585 (1916) ("A suit arises under the law that creates the cause of action.").

But there is a "special and small category" of cases that allow federal courts to exercise jurisdiction when no federal claims appear on the face of a plaintiff's complaint. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 126 S.Ct. 2121 (2006). Federal jurisdiction is appropriate "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841 (1983). Thus, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258, 133 S.Ct. 1059.

## Discussion

Because the first prong of the *Gunn* test, whether a federal issue is necessarily raised, resolves this dispute, I start and end my analysis there.

The necessity requirement of federal question jurisdiction is met if the "vindication of a right under state law necessarily turns on some construction of federal law." *Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 808-09, 106 S.Ct. 3229 (1986).  "[A] claim supported by alternative theories in the complaint may not form the basis for [federal] jurisdiction unless [federal] law is essential to each of those theories." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810, 108 S.Ct. 2116 (1988) (interpreting "identical language" in 28 U.S.C. §§ 1331 and 1338 and "quite naturally appl[ying] the same test" to both); *see also Cabana v. Forcier*, 148 F. Supp. 2d 110, 114 (D. Mass. 2001) ("When a state law cause of action is supported by alternate theories, federal law must be essential to each of those theories to confer federal questions jurisdiction."); *Narragansett Indian Tribe v. Rhode Island Department of Transportation*, 903 F.3d 26, 32 (1st Cir. 2018) ("But the mere fact that a claim or defense requires an explanation of a federal statutory scheme as background does not mean that a complaint "'necessarily raise[s] a stated federal issue.'" (quoting *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314, 125 S.Ct. 2363 (2005)) (alteration in original)).

In *Grable*, the Supreme Court found a federal issue was necessarily raised.  545 U.S. at 314-15, 125 S.Ct. 2363.  In that case, the IRS seized the plaintiff's property to satisfy federal back taxes and sold it to the defendant. *Id.* at 310, 125 S.Ct. 2363.  The plaintiff sued in state court alleging that the defendant's title was invalid because federal law obliged the IRS to give the plaintiff notice of the sale by personal service, not certified mail. *Id.* at 311, 125 S.Ct. 2363.  The defendant removed the case to federal court claiming that the plaintiff's claim depended on an interpretation of federal tax law. *Id.*  The Court explained that the plaintiff's quiet title claim was premised on the "essential element" of an alleged "failure by the IRS to give it adequate notice, as defined by federal law." *Id.* at 314-15, 125 S.Ct. 2363.  Indeed, the federal form of notice issue

was "*the only legal or factual issue contested* in the case." *Id.* at 315, 125 S.Ct. 2363 (emphasis added); *see also Rhode Island Fishermen's All., Inc. v. Rhode Island Dep't Of Envtl. Mgmt.*, 585 F.3d 42, 49 (1st Cir. 2009) (finding a federal issue necessarily raised where the plaintiffs' "asserted right to relief under state law requires resolution of a federal question . . . Thus, it *is not logically possible* for the plaintiffs to prevail on this cause of action without affirmatively answering the embedded question." (emphasis added)).

Here, on the other hand, no federal issue is necessarily raised.  First, Plaintiff's Complaint contains seven claims, each of which is predicated on violations of Massachusetts statutory and common law.  While Plaintiff's Complaint does reference federal law, it relies on the alleged violation of the Controlled Substances Act ("CSA") only insofar as it evidences common law negligence.  Thus, unlike the situation in *Grable*, the embedded federal question in this case is not the only legal or factual dispute and unlike *Rhode Island Fisherman's*, Plaintiff can succeed without any reliance on federal law.  Resolution of the federal issue is not necessary because in addition to having specific statutory duties under the CSA, Defendants concurrently had a common law duty to exercise reasonable care when distributing the drugs.  Therefore, a court could resolve all of Plaintiff's claims without any analysis of the CSA.

Defendants contend that Plaintiff is required to rely on the federal issue to prevail because Plaintiff makes negligence per se claims.  However, not only does Plaintiff not allege that Defendants' violations of the CSA constitute negligence per se, Plaintiff cannot.[1]  Massachusetts

---

[1] Moreover, even if Plaintiff's claims were premised on a theory of negligence per se and therefore necessarily depended on resolution of the federal issue, *Merrell Dow* would counsel against federal jurisdiction.  In that case, one of the plaintiff's claims necessarily relied on violation of federal law to prove the defendant was negligent per se. 478 U.S. at 806, 106 S.Ct. 3229.  Indeed, "[n]o other basis for finding petitioner negligent was asserted." *Id.* at 823, 106 S.Ct. 3229 (Brennan, J. dissenting).  The Court nonetheless declined to exercise federal question jurisdiction because (1) "the presence of a claimed violation of the statue as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction," *id.* at 814, 106 S.Ct. 3229, and (2) the FDCA, like the federal statute here, provided

courts have "repeatedly reaffirmed the principle that negligence per se does not exist as a cause of action independent from a general negligence action because violation of the statute can only be some evidence of the defendant's negligence." *Deutsche Lufthansa AG v. Mass. Port Authority*, 2018 WL 3466938, at *2 (D. Mass. July 18, 2018); *see also Lev v. Beverly Enterprises-Massachusetts, Inc.*, 457 Mass. 234, 245 (2010) ("It is only where a duty of care exists that the violation of a statue, ordinance, regulation, or policy is relevant because it constitutes some evidence of a defendant's negligence."); *Juliano v. Simpson*, 461 Mass. 527, 532 (2012) (Massachusetts "does not follow the doctrine of negligence per se."); *Bennet v. Eagle Brook Country Store, Inc.*, 408 Mass. 355, 359 (1990) ("[V]iolation of a statute . . . is only some evidence of the defendant's negligence as to all consequences the statute was intended to prevent."). Therefore, as noted above, Plaintiff merely argues that violations of federal law provide evidence of common law negligence.  This evidence, however, is neither necessary nor sufficient for Plaintiff to prevail on its claims.

Because Plaintiff is not required to prove Defendants violated federal law to prevail, a federal question is not necessarily presented.  Therefore, this Court does not have federal question jurisdiction.[2]

---

no private right of action—an indication that Congress did not anticipate that federal courts would "nevertheless exercise federal-question jurisdiction and provide remedies for that federal statute." *Id.* at 812, 106 S.Ct. 3229.  Thus, even if Plaintiff only relied on the breach of the CSA to support their common law negligence claim, although resolution of a federal issue would be necessary, federal jurisdiction would still likely be improper. *See Uintah County, Utah v. Purdue Pharma, L.P.*, 2018 WL 37 47847, at * 6 (D. Utah Aug. 7, 2018) ("But even if Plaintiffs relied only on a breach of the federal CSA for a given state law claim against the Distributors to establish . . . their state law claims . . . the court likely still would not find the presence of a substantial issue of federal law.  Doing otherwise . . . would seemingly flout *Merrell Dow*, in which the Supreme Court found no federal subject matter jurisdiction under analogous facts where plaintiffs directly challenged the defendant's alleged breach of a federal drug labeling statute established the defendant had been negligent per se and that negligence was the proximate cause of the injuries alleged in the consolidated cases.").

[2] Several other district courts have held, in cases almost identical to the one here, that federal question jurisdiction was not proper. *See Delaware ex rel. Denn v. Purdue Pharma, L.P.*, 2018 WL 1942363, at *3 (D. Del. Apr. 25, 2018) ("[I]t is possible for Plaintiff to show Defendants acted unreasonably without

## Conclusion

For the reasons stated above, Plaintiff's motion to remand to state court (Docket No. 22) is **_granted_** and Defendants' motion to stay (Docket No. 27) is **_denied_**.

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

reference to the FCSA."); *New Mexico ex rel. Balderas v. Purdue Pharma, L.P.*, 2018 WL 2943246, at *6 (D.N.M. June 12, 2018) ("New Mexico state law provides alternate theories for a finding of liability against McKesson and its codefendants because the Complaint implicates numerous alleged duties under state law."); *West Virginia ex rel. Morrisey v. McKesson Corp.*, 2017 WL 357307 (S.D. W. Va. Jan. 24, 2017) (holding a federal issue not necessarily raised as "plaintiffs' complaint alleges violations of numerous duties implicated by state law."); *Uintah County, Utah*, 2018 WL 3747847, at *5 ("Plaintiffs assert only state law claims, and provide bases for the claims which do not arise out of or necessarily depend on an interpretation of a disputed CSA provision."); *Weber County, Utah v. Purdue Pharma, L.P.*, 2018 WL 3747846, at *5 (D. Utah Aug. 7, 2018) (same).

Defendant attempts to distinguish many of these cases by noting that they "involve claims alleging violations of state laws that impose duties on distributors, such as requirements to report prescription drug diversions to state regulatory bodies." (Docket No. 26, at 10). Here, on the other hand, Plaintiff primarily relies on common law principles to argue that Defendant's conduct was unlawful and "cannot identify any state law duty that could support its claims that Distributors over-distributed controlled substances into Massachusetts." *Id* at 12. This is a distinction without a difference—whether Plaintiff's claims are based on statutory or common law, the only relevant inquiry is whether they necessarily raise a federal issue. They do not.